```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

GERALD GLYN LEWIS,                  :    No. 4:CV-04-1293
                                    :
        Plaintiff,                  :    Complaint Filed 06/16/04
                                    :
        vs.                         :
                                    :
JO ANNE B. BARNHART,                :    (Judge Muir)
Commissioner of Social Security,    :
                                    :    (Magistrate Judge Mannion)
        Defendant,                  :
```

## ORDER

August 10, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On August 9, 1999, Plaintiff Gerald Glyn Lewis filed applications with the Social Security Administration for two types of benefits.  Lewis claimed in the applications to have been disabled since August 1, 1994, because of fibromyalgia, osteoarthritis, and severe pain in his joints, muscles, and back. He sought Supplemental Security Income Benefits as well as Disability Insurance Benefits.

On October 17, 2002, an Administrative Law Judge issued a written decision in which he found that Lewis had become disabled on October 31, 1998.  As a result of that finding, Lewis was entitled to receive only Supplemental Security Income Benefits; Lewis did not qualify for Disability Insurance Benefits because his

entitlement to such benefits expired on December 31, 1997.[1] That decision became final on April 16, 2004, when the Appeals Council denied Lewis's request for further review. Lewis now challenges in this court the Administrative Law Judge's decision. He alleges that the Commissioner's findings with respect to the onset date of his disability are not supported by substantial evidence.

The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Malachy E. Mannion for preliminary consideration. On June 15, 2005, the Magistrate Judge issued a twenty-page report recommending that the case be remanded to the Administrative Law Judge. The Magistrate Judge specifically found that the Administrative Law Judge's conclusion concerning the number of jobs in the national and local economies which Lewis remained able to perform is not based on substantial evidence.

On July 1, 2005, the government filed an objection to Magistrate Judge Mannion's Report and Recommendation. Lewis filed his response to the objection on July 18, 2005. The time allowed for the government to file a reply brief expired on August 4, 2005, and to this date no such brief has been filed. The matter is ripe for disposition.

---

1. This date is described in the governing regulations as the "date last insured."

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa. Local Rule 72.3.  Furthermore, district judges have wide discretion as to how they treat recommendations of the magistrate judge. Id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id.  See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues therein is governed not only by the principles set forth in the preceding paragraph, but also by 42 U.S.C. §405(g).  In such cases our review is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed. E.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 420 U.S.

389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).

The government's only objection to Magistrate Judge Mannion's Report and Recommendation is that "[t]he Magistrate Judge erred in determining that the hypothetical question to the vocational expert was not reflective of Plaintiff's limitations prior to October 31, 1998." (Government's Objections, p. 1)  The manner in which the government's objection has been framed suggests that the remand recommended by the Magistrate Judge is based on the limitations contained in the hypothetical question that the Administrative Law Judge posed to the vocational expert.

It appears as though the government's objection is based on an erroneous interpretation of Magistrate Judge Mannion's Report and Recommendation.  The Magistrate Judge recommends that the matter be remanded to the Administrative Law judge strictly for the following reason:

> ... [W]e find that the Commissioner failed to meet her burden at step five of the sequential evaluation process [set forth in the governing regulations].  The [Administrative Law Judge] stated that since he found that the plaintiff could not perform his past relevant work, it was the agency's burden to establish that other jobs, which the plaintiff could perform,

> existed in significant numbers in the economy prior to October 31, 1998.
> In order to show that such jobs existed, the [Administrative Law Judge] considered the Medical-Vocational Guidelines .... The [Administrative Law Judge] explained that since plaintiff's impairments were non-exertional, he also relied on the testimony of the [vocational expert] at the hearing, as prescribed in the regulations. ... The [Administrative Law Judge] decided that the plaintiff could perform the jobs of alarm monitor or record keeper and that, according to the [vocational expert], those jobs existed in significant numbers in the economy. ... <u>However, the hypothetical question posed by the [Administrative Law Judge] to the [vocational expert] was not tailored to the time period prior to October 31, 1998</u>.
> . . . .
> ... The [vocational expert's] testimony does not constitute substantial evidence and ... the Commissioner failed to meet her burden at step five.  Since this Court has no fact-finding role in social security disability cases, the Commissioner's decision must be reversed as a matter of law.

(Report and Recommendation, pp. 17-19)(Emphasis added).  The defect noted by Magistrate Judge Mannion relates to the time period specified in the Administrative Law Judge's questions of the vocation expert.  The foundation for the recommendation that this case be remanded does not relate in any manner to the limitations which may have been referenced by the Administrative Law Judge in those questions.

We are of the view that the government's objection does not address the Magistrate Judge's reasons for recommending a remand in this case.  For that reason we will overrule the government's objection, adopt Magistrate Judge Mannion's Report and

Recommendation *in toto*, and remand this case to the Administrative Law Judge for the reason stated in the Report and Recommendation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Mannion's Report and Recommendation filed on June 15, 2005, (Document 9) is adopted *in toto*.
2. This case is remanded to the Administrative Law Judge for further consideration of whether other jobs, which Lewis could perform, existed in significant number in the economy prior to October 31, 1998.
3. The Clerk of Court shall close this case.

        s/Malcolm Muir
        MUIR, U. S. District Judge

MM:ga